ORDER

SCHALL, Circuit Judge.
Harold W. Van Allen petitions for a writ of mandamus to direct the Court of Appeals for Veterans Claims to accept his notice of appeal and docket his case.
Van Allen submitted a notice of appeal to the Veterans Court related to “1983, 1987, 2001, other dates of BVA ‘TBI’ decisions.” Counsel to the clerk spoke with Van Allen by telephone and wrote two letters to him asking him to identify the BVA decision or decisions that he was appealing. Counsel also noted that Van Allen had three previous appeals and that the court was aware that Van Allen had a case pending before the Board of Veterans’ Appeals (Board). Van Allen did not clarify his notice of appeal. He now asks us to direct the Veterans Court to docket his appeal.
The traditional use of the writ of mandamus in aid of appellate jurisdiction, see 28 U.S.C. § 1651(a), “has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to *300 do so.” Roche v. Evaporated Milk Ass’n, 819 U.S. 21, 26, 68 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that he has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable.” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
Van Allen does not satisfy the first prong of the test. He has an alternate means of attaining the relief required, i.e., identifying the Board decision or decisions that he is seeking to appeal. Even when looking to the all the circumstances surrounding the notice of appeal, it does not identify an appealable decision. Thus mandamus is not warranted.
Accordingly,
IT IS ORDERED THAT:
The petition is denied.